UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW VALLES,

                Plaintiff,

-against-

ATTTORNEY GENERAL OF THE UNITED STATES; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; ATTORNEY GENERAL OF THE STATE OF NEW YORK; ATTORNEY GENERAL OF THE STATE OF UTAH,

                Defendants.

25-CV-2215 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who was incarcerated at FCI McKean in Bradford, Pennsylvania, when he filed this action, proceeds *pro se*.[1] Plaintiff asks to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Valles v. Att'y Gen. of the United States*, No. 3:22-CV-1375, ECF 3 (S.D. Cal. Nov. 19, 2022).[2] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

[1] Although Plaintiff provides his future mailing address, his complaint was plainly written and signed while he was incarcerated. He states in the complaint that he is "due to be released," (ECF 1 at 8), and he describes in his cover letting his "pending removal from the custody of the . . . Federal Bureau of Prisons" (ECF 4 at 1.) Once Plaintiff is not a prisoner, for purposes of 28 U.S.C. § 1915(h), he can bring an action as a non-prisoner and seek leave to proceed IFP.

[2] The Court has identified the following three strikes: (1) *Valles v. United States Att'y Gen.*, No. 23-55441 (9th Cir. Nov. 15, 2023) (dismissing appeal, filed while Plaintiff was a prisoner, as frivolous); (2) *Valles v. Cal. Dep't of Corrs. & Rehab.*, No. 21-16290 (9th Cir. Mar. 18, 2022) (same); (3) *Valles v. Cal. Dep't of Corrs. & Rehab.*, No. 2:20-CV-1905 (E.D. Cal. July 15, 2021) (dismissing action, filed while Plaintiff was a prisoner, for failure to state a claim on which relief may be granted).

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff therefore cannot proceed IFP unless he faces an imminent danger of serious physical injury that his complaint seeks to remedy. An imminent danger must be "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002; *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). The gravamen of Plaintiff's complaint is that the requirement, under the Sex Offender Registration and Notification Act (SORNA), that he register as a sex offender upon his release from prison violates his constitutional rights. Plaintiff argues generally that SORNA's requirements violate his rights and suggests that he "has been previously targeted and subjected to sexual assaults" by law enforcement officers "due to the imposition of sex offender registration requirements exposure." (*Id.* at 8.) Plaintiff believes that future injury is likely because, according to him, "what is past is prologue." (*Id.*)

Plaintiff's allegations do not demonstrate that he faces a danger of serious injury that is physical. His allegations that, once released from prison, he will be forced to choose between complying with SORNA or re-arrest do not demonstrate a risk of physical injury. *See Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010) (for purposes of meeting the imminent danger exception to Section 1915(g)'s bar on IFP filing, "the only relevant allegations are those in which [Plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment"); *Antrobus v. Dapecevic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *10 n.15 (S.D.N.Y. July 3, 2018 (declining to consider allegations unrelated to physical injury, threats of injury, or deprivation of medical treatment).

Moreover, Plaintiff's allegations that he was previously assaulted by law enforcement officers and thus will be assaulted in the future lacks any factual detail suggesting a continuing or related pattern of conduct and appears to be wholly speculative. *See Chavis v. Chappius*, 618

F.3d 162, 170 (2d Cir. 2010) (holding that past harms that are part of an "ongoing pattern of acts" that continues can satisfy the imminent danger exception); *Lewis v. Huebner*, No. 17-CV-8101 (KMK), 2019 WL 1236299, at *3 (S.D.N.Y. Mar. 18, 2019) ("[T]he imminent danger must be real and not merely speculative or hypothetical." (citation and quotation marks omitted)); Accordingly, Plaintiff's complaint does not show that he faces imminent danger of serious physical injury. *Chavis*, 618 F.3d at 170 ("A court may find that a complaint does not satisfy the imminent danger exception if the complaint's claims of imminent danger are conclusory . . . ." (citation and quotation marks omitted)). The Court therefore denies Plaintiff's request to proceed IFP under Section 1915(g) and dismisses the complaint without prejudice.

Nothing in this order prevents Plaintiff from filing a new complaint and seeking leave to proceed IFP once he is not a prisoner for purposes of 28 U.S.C. § 1915(h).

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   March 18, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                               Chief United States District Judge