UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
ANDREW VALLES,

                Plaintiff,

       -against-

ATTORNEY GENERAL OF THE UNITED
STATES, ET AL.,

                Defendants.
―――――――――――――――――――――――――――――

25-CV-2215 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On March 18, 2025, the Court dismissed the complaint without prejudice, noting that Plaintiff was barred from proceeding *in forma pauperis* (IFP) as a prisoner, 28 U.S.C. § 1915(g), that he had filed the complaint while still a prisoner, and that he had not alleged facts suggesting that he was in imminent danger of serious physical injury. In the order of dismissal, the Court noted that Plaintiff could file a complaint as a non-prisoner after his release and that, if he did so, he would not be subject to Section 1915(g). Judgment was entered on March 19, 2025, and on March 20, 2025, Plaintiff sought reconsideration of the order of dismissal. Plaintiff also filed an appeal.

      The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 59(e) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court grants the motion.

## DISCUSSION

      Ordinarily, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, where a party files a timely motion under Rule 59(e) of the Federal

Rules of Civil Procedure, or files a Rule 60 motion within 28 days of the entry date of the challenged judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi), a notice of appeal does not take effect until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed a timely Rule 59(e) motion, and the notice of appeal thus has not yet taken effect depriving the Court of jurisdiction. The Court therefore can address Plaintiff's Rule 59(e) motion.

A party moving to alter or amend a judgment under Rule 59(e) must demonstrate that the court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

In the complaint, Plaintiff asserted that he was "due to be released from the custody of the Federal Bureau of Prisons . . . on or before March 17, 2025," and that he would be "in imminent danger of serious physical injury" if he were required to comply with the Sex Offender Registration and Notification Act (SORNA). (ECF 1 at 8.) Plaintiff signed the complaint on March 16, 2025, and he listed a mailing address outside the prison as his address of record.

The Court received the complaint on March 18, 2025. By judgment entered March 19, 2025, the Court dismissed the complaint without prejudice on the ground that Section 1915(g) barred Plaintiff from proceeding IFP because he had submitted the action while he was still a prisoner. (ECF 6.)

Under the prison mailbox rule, when a plaintiff is incarcerated, a document is deemed filed on the date the incarcerated person gives it to prison officials for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 563 (2d Cir. 2005). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume the prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 Fed. App'x 61, 62 (2d Cir. 2006) (summary order). Here, although Plaintiff stated in the complaint that he was "due to be released," (ECF 1 at 8), in his motion for reconsideration, Plaintiff states that he filed the complaint on March 18, 2025, after he "ceased to be a prisoner on 17 March 2025." (ECF 8 at 1.) Plaintiff seems to clarify that he submitted the complaint in person on March 18, 2025, after his release, notwithstanding allegations in the complaint that he had yet to be released.

The apparent fact that Plaintiff was not a prisoner at the time of filing the complaint could be considered a controlling factual matter that the Court overlooked. The Court therefore grants Plaintiff's Rule 59(e) motion, and vacates the order of dismissal under 28 U.S.C. § 1915(g).

The Court will address, by separate order, Plaintiff's motion for a temporary restraining order and preliminary injunction, about complying with SORNA registration requirements.[1]

---

[1] Plaintiff has previously raised the same or related arguments about SORNA. *See, e.g., Valles v. United States*, No. 1:20-CV-9242 (LLS) (S.D.N.Y. Jan. 6, 2021) (civil rights complaint dismissed); *Valles v. Attorney General of the United States (S.D.N.Y)*, No. 22-CV-7870 (S.D.N.Y. Sept. 19, 2022) (transferred to the C.D. Cal.); *United States v. Valles*, No. 20-CV-7835 (JPC), 2023 WL 4420288, at *4 (S.D.N.Y. July 10, 2023) (denying *habeas corpus* relief, concluding that Valles's arguments that SORNA's delegation of authority to the Attorney General was unconstitutional and that he was not subject to SORNA because his conduct predated its

## CONCLUSION

The Court construes Plaintiff's motion for reconsideration (ECF 8) as a motion under Rule 59(e) of the Federal Rules of Civil Procedure and grants the motion. The Clerk of Court is directed to vacate the order of dismissal under 28 U.S.C. § 1915(g) and civil judgment (ECF 6-7) and reopen this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 10, 2025
         New York, New York

                                                            /s/ Laura Taylor Swain
                                                            LAURA TAYLOR SWAIN
                                                            Chief United States District Judge

---

enactment "lacked merit—and in fact are foreclosed by Supreme Court precedent—and thus provide no basis to find ineffective assistance").