Andrew Valles
c/o Michael Goldsmith
P.O. Box 1103
Church Street Station
New York, New York
10008-1103

*Pro Se/IFP*

RECEIVED
SDNY PRO SE OFFICE

2025 AUG -6  PM 3: 57

DENIED as premature given defendants' motion to dismiss (Dkt. 26), without prejudice to refiling if plaintiff prevails. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 17, 2025

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW VALLES, <br> Plaintiff, <br><br> v. <br><br> ATTORNEY GENERAL OF THE UNITED STATES, et al., <br> Defendants. | Case No.  2:25-CV-2215 <br><br> **PLAINTIFF'S MOTION FOR DAMAGES; SUPPLEMENTAL TO COMPLAINT.** <br><br> 06 August 2025 |

**TO THE HONORABLE ARUN SUBRAMANIAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff, Andrew Valles, pro se, respectfully moves this Honorable Court for an order awarding him compensatory, nominal, and punitive damages, pursuant to 42 U.S.C. § 1983 and Federal Rules of Civil Procedure, based on the meritorious claims and evidence presented in this case; provided in a prior motion entered into the record. The damages sought are a direct result of the Defendant's egregious prosecutorial misconduct and malicious prosecution, which led to a wrongful conviction and the deprivation of the Plaintiff's fundamental constitutional rights.

Though this motion may be out of procedural sequence, Plaintiff is of the opinion that it is better to put Defendants on proper notice that the matter of damages assessed here — as of the date delineated above — shall only grow and fester in direct proportion to the duration the dispute(s) in regard to this case and those directly related[2] is/are prolonged.

## I. STATEMENT OF FACTS

1. On or about 17 May 2018, Defendants caused to have a warrant issued against Plaintiff, by the Third Justice (District) Court for the State of Utah; in relation to a Utah state case that had laid dormant for over a full decade.

2. On or about 31 May 2018, Defendants caused to have a warrant and/or detainer issued against Plaintiff by the United States Marshals Service (#18MJ4725); in direct relation to the criminal case related hereto. The collateral effect of this federal warrant/detainer was to foreclose Plaintiff's ability to post bail-bond in a California state court case for alleged financial crimes; which Plaintiff contends tainted that matter of due process by restricting and obstructing his access to essential and crucial evidence(s) to aid in his defense.

3. On or about 15 July 2019, Defendants filed a criminal complaint against Plaintiff for a single count of "Failure to Register as a Sex Offender," in violation of 18 U.S.C. § 2250(a). This charge was predicated on the plaintiff's pre-SORNA misdemeanor conviction from Utah in January 2005.

4. The foundational element of the federal charge—a legal requirement for Plaintiff to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA") in New York State—was absent.

5. The New York State Board of Examiners of Sex Offenders ("NYSBOE") formally determined on 03 June 2025, that Plaintiff's Utah conviction did not require him to register in New York, a fact that was true and discoverable by the Defendants prior to the prosecution.

6. As a direct result of the Defendants's prosecution, the Plaintiff was convicted, incarcerated for a period of nine months, sentenced to five years of federal supervised release, and, under duress, was compelled to register as a sex offender with the New York City Police Department ("NYPD") and New York State authorities.

7. Since his initial arrest on or about 03 May 2018, Plaintiff has endured over seven years of physical, mental, and reputational injuries, including the loss of his liberty and the profound stigma of being wrongfully labeled a sex offender nationwide (in city, state, and federal government databases) and/or worldwide (via the open, public internet/press).

## II. LEGAL ARGUMENT AND STANDARD FOR DAMAGES

In a civil rights action under 42 U.S.C. § 1983, a plaintiff is entitled to seek damages to compensate for constitutional violations. These damages may include compensatory, nominal, and punitive awards.

## A. Compensatory Damages

Compensatory damages are intended to make the plaintiff whole by covering actual losses, both economic and non-economic. In this case, Plaintiff seeks **$5,703,000** in compensatory damages, based on the following itemized claims:

- **Loss of Liberty:** Plaintiff was wrongfully incarcerated for 272 days. Based on the grievous nature of this constitutional deprivation, a rate of $1,500 per day is appropriate, totaling **$408,000**.

- **Loss of Wages:** Plaintiff was prevented from working during his nine-month incarceration. Calculating a conservative monthly wage of $5,000, this amounts to **$45,000**. (The $5,000 monthly wage rate of earnings was previously accepted as fact to trial/sentencing court in a Pre-Sentence Investigation Report attributed to Plaintiff).

- **Non-Economic Damages:** Plaintiff has suffered profound mental anguish, pain and suffering, and irreparable reputational damage for over seven years (from May 2018 to August 2025). Seeking $250,000 per year per condition is a reasonable valuation of this ongoing harm, totaling **$5,250,000**.

## B. Nominal Damages

Plaintiff seeks **$100** in nominal damages to acknowledge the violation of his constitutional rights, a symbolic amount that formally recognizes a legal wrong even when other damages are substantial.

## C. Punitive Damages

Punitive damages are a vital tool for punishing reprehensible conduct and deterring future misconduct. Plaintiff seeks **$51,327,000** in punitive damages. This amount is justified by the following:

- **Reprehensibility of the Conduct:** Defendants's actions were not a matter of simple negligence. They prosecuted Plaintiff for a felony offense without first establishing the foundational legal element of the crime, a fact they knew or should have known. This reckless disregard for a Plaintiff's liberty and due process rights is highly reprehensible.

- **Ratio to Compensatory Damages:** The punitive damages sought are exactly nine times the requested compensatory damages. This 9:1 ratio is consistent with the "single-digit ratio" guideline established by the Supreme Court in cases like *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and falls within the constitutional limits for punitive awards in cases of extreme misconduct.

- **Deterrence:** A substantial punitive award is necessary to send a clear message that such a profound abuse of prosecutorial power will not be tolerated and will be met with severe consequences, thereby deterring similar actions by Defendants — the Government — in the future.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court:

1. Grant Plaintiff's motion for damages.

2. Award Plaintiff **$5,703,000** in compensatory damages.

3. Award Plaintiff **$100** in nominal damages.

4. Award Plaintiff **$51,327,000** in punitive damages.

5. Award any other and further relief as the Court deems just and proper.

Respectfully submitted,

/S/ [signature]                                    06 August 2025 at 1446 hours EDT.

Andrew Valles, Plaintiff (Pro Se/IFP).

---

**Footnotes**

1. (*reserved*)

2. See, e.g., *United States v. Valles*, No. 1:19-CR-672 (WHP) (U.S.D.C., S.D.N.Y.); *Valles v. United States*, No. 2:20-CV-7835 (JPC) (U.S.D.C., S.D.N.Y.); *Valles v. United States*, No. 24-1596 (U.S.C.A., 2d Cir.); *Valles v. United States*, No. {certiorari pending} (U.S.S.C.).

Andrew Valles
c/o Michael Goldsmith
P.O. Box 1103
Church Street Station
New York, New York
10008-1103

*Pro Se/IFP*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDREW VALLES,**<br>Plaintiff,<br><br>v.<br><br>**ATTORNEY GENERAL OF THE UNITED STATES, et al.,**<br>Defendants. | Case No. 2:25-CV-2215<br><br>**CERTIFICATE OF SERVICE.**<br><br>06 August 2025 |

I, Andrew Valles, hereby certify under penalty of perjury that on 06 August 2025, I served a copy of **PLAINTIFF'S MOTION FOR DAMAGES; SUPPLEMENTAL TO COMPLAINT** by United States Mail on the following parties:

Rachel Kroll, Assistant United States Attorney (Of Counsel for Defendants)
United States Attorney for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York
10007

06 August 2025

Andrew Valles, Plaintiff (Pro Se/IFP).