UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrew Valles,<br><br>                         Plaintiff,<br><br>         -against-<br><br>Attorney General of the United States et al.,<br>                         Defendants. | 25-cv-2215 (AS)<br><br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Andrew Valles raises both facial and as-applied constitutional challenges to the Sex Offender Registration and Notification Act (SORNA). For the following reasons, the Court GRANTS defendants' motion to dismiss Valles's complaint.

## BACKGROUND

On October 12, 2004, Valles pled guilty in Utah state court to two counts of lewdness involving a child and two counts of attempted dealing in harmful material to a minor. *United States v. Valles,* 2023 WL 4420288, at *1 (S.D.N.Y. July 10, 2023). When he was released in July 2006, he was required to register as a sex offender under Utah law. *Id.* As of August 1, 2008, he was required to register in any jurisdiction where he resides, anywhere in the country, under the federal SORNA. *Id.*; *see also* 34 U.S.C. § 20913(a).

Valles registered as required in Utah upon his release but failed to register once he moved to New York in 2016. *United States v. Valles,* 2023 WL 4420288, at *1. He was charged with, and later pled guilty to, a SORNA offense in this district. *Id.* On December 20, 2019, he was sentenced to nine months in prison, followed by five years of supervised release. *Id.* at *2.

On September 23, 2020, Valles moved to vacate his conviction pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. *Id.* Among other things, Valles argued that his counsel should have argued that SORNA was unconstitutional, citing Justice Gorsuch's dissent in *Gundy v. United States*, 588 U.S. 128 (2019). *United States v. Valles,* 2023 WL 4420288, at *4. Valles's motion was denied on July 10, 2023, and no certificate of appealability was issued. *Id.* at *8. His subsequent motion for reconsideration was also denied. *United States v. Valles*, 2024 WL 1433708, at *5 (S.D.N.Y. Apr. 3, 2024).

Valles filed the complaint in this case *pro se* on March 18, 2025, against the Attorney General of the United States, along with the Attorneys General of California, New York, and Utah. Dkt. 1. His complaint states that he was released from prison the prior day. *Id.* at 10. He challenges the constitutionality of SORNA, both facially and as applied to him. *Id.* at 11–12.

**LEGAL STANDARDS**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298–99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 299 (quoting *Iqbal*, 556 U.S. at 678). When evaluating whether a complaint clears this bar, the Court must "accept[] all factual allegations in the complaint as true[] and draw[] all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

Courts construe a *pro se* complaint "liberally" and consider "the strongest arguments" the complaint suggests. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

**DISCUSSION**

### I.    The Court construes Valles's complaint as seeking a declaratory judgment

Valles's complaint argues that SORNA is unconstitutional under both a separation-of-powers/nondelegation doctrine theory and under the Free Speech Clause of the First Amendment. Dkt. 1 at 11. The complaint does not, however, cite any explicit cause of action.

Valles's complaint does not sound in habeas or coram nobis. He is not challenging his Utah conviction nor his federal conviction. Rather, he is challenging the fact that SORNA requires him to register with jurisdictions he moves to going forward. Thus, the Court concludes that Valles seeks a declaratory judgment. *See* 28 U.S.C. § 2201(a).

### II.    The Court dismisses the state Attorneys General

In addition to suing the Attorney General of the United States, Valles listed the Attorneys General of California, New York, and Utah as defendants. None has filed an appearance, and it appears there has been no attempt to serve the Attorneys General of California or Utah.

The Court orders the state Attorneys General dismissed from this case *sua sponte*. Although SORNA requires registration with state and local authorities, it is ultimately a federal mandate that is enforced by the federal government. As a case in point, Valles's prior SORNA violation was prosecuted by federal prosecutors in federal court. And as Valles himself notes, New York's Board of Examiners of Sex Offenders notified him that *state* law did not require him to register in New York on account of his Utah conviction. Dkt. 33 at 13. The Court therefore concludes that the state Attorneys General are not proper defendants for the declaratory judgment action, as they are not involved in SORNA's enforcement. The Court thus proceeds with the Attorney General of the United States as the sole defendant.

**III.    The Court exercises jurisdiction over Valles's separation-of-powers/nondelegation claim, but finds he is not entitled to relief**

Valles's first claim is that SORNA is unconstitutional under a separation-of-powers theory and the nondelegation doctrine.[1] While the Court exercises jurisdiction over the claim, the claim must be dismissed under controlling precedent.

### A.    The Court exercises jurisdiction over the claim

The Declaratory Judgment Act "vests a district court with discretion to exercise jurisdiction over a declaratory action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). In deciding whether to exercise jurisdiction over the claim, the Second Circuit has directed district courts to consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Id.*

The Attorney General argues that the Court should decline to exercise jurisdiction under this framework. Defendant argues that the claim is "already settled" by Judge Cronan's opinion denying Valles's habeas petition. Dkt. 27 at 4–6. The Attorney General argues that Valles is presenting "the exact legal claims *and* the exact facts that Judge Cronan considered." *Id.* at 6.

The Court disagrees. While the claims are very similar, they are different in a crucial respect. In the earlier claim, Valles sought to argue that his trial counsel was ineffective for failing to raise the constitutional claim. *United States v. Valles*, 2023 WL 4420288, at *4–5. He did not directly challenge the constitutionality of SORNA; instead, he argued that his counsel should have done so. While it is true that Judge Cronan did look to whether a challenge would have been successful as part of that analysis, the legal claim here is distinct since it is a direct challenge to the statute's constitutionality.

The Court looks instead to the factors articulated by the Second Circuit. Here, a declaratory judgment will serve a useful purpose in clarifying Valles's obligations and, if he were to prevail, would foreclose any criminal punishment. Thus, the Court concludes that exercising jurisdiction in this case is warranted.

### B.    Controlling precedent forecloses Valles's claim

Although the Court exercises jurisdiction over the claim, it concludes that the claim fails. Valles's nondelegation argument is in all relevant respects identical to the claim that the Supreme Court rejected in *Gundy*. 588 U.S. at 136 (plurality op.). Although Valles points to Justice Gorsuch's dissent and Justice Kavanaugh's recusal in that case as suggesting that the Supreme Court

---

[1] Although both Valles and the Attorney General refer to the "separation-of-powers clause," see Dkt. 1 at 7, Dkt. 27 at 4, Dkt. 33 at 9, no such clause exists. Instead, the Court understands Valles to be citing the Vesting Clause of Article I (and by implication, the Vesting Clause of Article II). See U.S. Const. Art. I § 1; Art. II § 1. As those clauses are what give rise to the nondelegation doctrine, the Court considers both arguments together.

may overturn *Gundy*, *see* Dkt. 1 at 8; Dkt. 33 at 2, it is for the Supreme Court, and not a lower court, to overrule the Court's precedents. *See, e.g.*, *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ("[I]t is this Court's prerogative alone to overrule one of its precedents.").

This Court, therefore, concludes that Valles's nondelegation claim must be dismissed. Valles is free to file an appeal to the Second Circuit and ultimately petition the Supreme Court for certiorari should he believe *Gundy* should be overturned.

## IV.    Valles's First Amendment claim fails

In addition to his separation-of-powers and nondelegation claim, Valles challenges SORNA under the First Amendment. Valles argues that compliance with SORNA is tantamount to compelled speech. Dkt. 1 at 7.

The First Amendment protects not just the right to speak, but also the right to refrain from speaking. *See, e.g.*, *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein."). The critical question is whether SORNA's registration requirement constitutes "compelled speech."

Although there is no controlling precedent on this question, every decision the Court has found to consider the question has held that registration requirements under SORNA or analogous state laws do not constitute compelled speech. *See, e.g.*, *United States v. Arnold*, 740 F.3d 1032, 1035 (5th Cir. 2014) (federal law); *Medina v. Cuomo*, 2015 WL 13744627, at *9–10 (N.D.N.Y. Nov. 9, 2015), *report and recommendation adopted*, 2016 WL 756539 (N.D.N.Y. Feb. 25, 2016) (New York law). And courts have found that even if heightened scrutiny applies, sex offender registration requirements can survive. *See Does v. Whitmer*, 751 F. Supp. 3d 761, 822–28 (E.D. Mich. 2024) (Michigan law); *United States v. Fox*, 286 F. Supp. 3d 1219, 1222–24 (D. Kan. 2018) (federal law).

The Court agrees with the other courts to reach the issue and concludes that SORNA does not violate the First Amendment. Across contexts, courts have routinely held that mandates to report information to the government do not constitute compelled speech. *See, e.g.*, *United States v. Sindel*, 53 F.3d 874, 878 (8th Cir. 1995) (holding that an IRS tax form does not constitute compelled speech). As one of the concurring opinions in *Barnette* itself noted, "essential operations of government may require [speaking] for the preservation of an orderly society,—as in the case of compulsion to give evidence in court." *Barnette*, 319 U.S. at 645 (Murphy, J., concurring). As SORNA neither compels speech directed to members of the public—only to the government itself—nor requires Valles to take a stance on "politics, nationalism, religion, or other matters of opinion," *Barnette*, 319 U.S. at 642, the Court concludes that it does not implicate his First Amendment rights. The Court thus grants the Attorney General's motion to dismiss Valles's First Amendment claim.

## CONCLUSION

The Attorney General of the United States's motion to dismiss Valles's complaint is GRANTED. The Court *sua sponte* dismisses the remaining defendants, who have not filed an appearance.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 26, enter judgment for defendants, and close the case.

SO ORDERED.

Dated: February 11, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge